16-2994-cv
Simmtech Co. v. Citibank N.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A
SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED
BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND  THIS COURT'S LOCAL RULE 32.1.1.
WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY
MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE
NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY
OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


        At a stated Term of the United States Court of Appeals for the Second Circuit, held at the
Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the
6th day of September, two thousand seventeen.

Present        JON O. NEWMAN,
               ROSEMARY S. POOLER,
               PETER W. HALL,
                       *Circuit Judges*.
_____

SIMMTECH CO., LTD.,

                       *Plaintiff-Appellant*,

               v.                                              16-2994-cv

CITIBANK, N.A., CITIGROUP INC., CITIBANK
OVERSEAS INVESTMENT CORPORATION,
CITICORP HOLDINGS INC., CITIGROUP GLOBAL
MARKETS INC.,

                       *Defendants-Appellees*.
_____

Appearing for Appellant:        Peter Melamed Kim & Bae, P.C. (Alan L. Poliner, *on the brief*),
                                Fort Lee, NJ.

Appearing for Appellee:         Daniel M. Perry, Milbank Tweed Hadley & McCloy LLP (Jed M.
                                Schwartz, Taryn J. Gallup, Daniel B. Kaplan, *on the brief*), New
                                York, NY.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Simmtech Co., Ltd., appeals from the August 3, 2016 opinion and order of the United States District Court for the Southern District of New York (Forrest, *J.*) dismissing its complaint against Citibank, N.A., Citigroup Inc., Citibank Overseas Investment Corporation, Citicorp Holdings, Inc., Citigroup Global Markets Inc. (together, "Citibank"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm the district court's dismissal of Counts 1-3 of the Second Amended Complaint ("SAC") for failure to state a claim, Count 4 as time barred, and Counts 11-14 as barred by res judicata, primarily for the reasons set forth in the district court's thorough and well-reasoned opinion.[1] The district court correctly concluded that the Second Amended Complaint's claims of currency manipulation were previously raised in *In re Foreign Exch. Benchmark Rates Antitrust Litig.*, 74 F. Supp. 2d 581, 599 (S.D.N.Y. 2015). It is a "well-established rule that a plaintiff cannot avoid the effects of res judicata by 'splitting' his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)." *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 110 (2d Cir. 2000). As master of its complaint, Simmtech did not have to split its claims to pursue a class action—it was free to bring both the currency manipulation claims and its other causes of action in a suit on its own behalf in the first instance.

With respect to Counts 1-3 of the SAC, the district court properly concluded that SAC failed to state a claim. While Simmtech attempts to portray itself as an unsophisticated consumer, the facts as pleaded in the SAC betray the reality that it had significant experience using financial instruments to hedge against fluctuations in the exchange rate between the U.S. dollar and Korean won, which was a large factor in its business.

To the extent that Simmtech relied on Citibank Korea's ("CKI") representation that the KIKOs were "zero-cost," the district court correctly concluded that such reliance was "patently unreasonable" given Simmtech's experience utilizing financial instruments. To the extent that Simmtech relied on CKI's representation that the KIKOs were a "hedge," the district court correctly determined that this statement was not a misrepresentation, and that the KIKOs were in fact a hedge under certain exchange rates. To the extent that Simmtech understood CKI's representation to mean that the KIKOs were a hedge at all exchange rates, that would have been an absurd interpretation, and Simmtech's reliance upon it would not have been reasonable. To the extent that Simmtech relied on CKI's projections of the exchange rate, the district court correctly concluded that such reliance was not reasonable, because Simmtech understood the inherent volatility and unpredictability of exchange rates. Finally, the express terms of the KIKO agreements contained a non-reliance clause.

---

[1] Simmtech does not appeal from the district court's dismissal of Counts 5-10.

In sum, we are satisfied that the district court correctly determined that the KIKOs were inherently risky instruments and that Simmtech had not plausibly pled that it was not properly apprised of the risks.

With respect to Count 4, which sounds in negligence, the district court correctly applied New York's three-year statute of limitations. After carefully reviewing the record, we agree with the district court's determination that Simmtech failed to raise any sufficient basis for the application of equitable estoppel to toll the statute of limitations. Further, we see no "rare and exceptional circumstances," that would justify the application of equitable tolling here. *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014) (quoting *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 150 (2d Cir. 2013)).

As we find that the district court properly dismissed on the grounds discussed above, we do not reach the remainder of Simmtech's arguments. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3